## In the Matter of the Estate of John A. Harriss, Deceased.

Surrogate's Court, New York County, February 20, 1940.

*Nathan Spiro Cohen,* for the petitioner.

*Joseph A. Cox,* for the public administrator, as administrator of the estate.

Delehanty, S. It is conceded that shortly before his death deceased engaged petitioner " to dismantle and preserve the architectural interior of a certain room known as ' the Shrine of Romeo and Juliet,' located in the residence of the deceased." Petitioner fulfilled its engagement by removing " the wall panels, cornices, ceiling, leaded glass and other parts. Each part removed was numbered and properly identified with a corresponding number on the original plan of the room so that it could be reconstructed at some future time; and each part was packed or crated and removed to the warehouse of the petitioner," where it is now to be found. It is conceded that the work performed by petitioner in respect of dismantling, crating and removing the shrine was worth $1,561.62. This work was done in furtherance of a plan of deceased to arrange for reconstruction of the shrine at another place. Apparently his death prevented the completion of his design. The only question is whether petitioner has an artisan's lien for that amount.

Section 180 of the Lien Law says:

" Artisans' lien on personal property. A person who makes, alters, repairs or in any way enhances the value of an article of

personal property, at the request of or with the consent of the owner, has a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and materials furnished, and may retain possession thereof until such charges are paid."

The court holds that petitioner has a lien for the work done in dismantling, crating and removing the shrine. This was one step in an interrupted process which, had it been completed, would have involved an alteration and an enhancement in the value of the subject-matter on which petitioner labored. The work upon which petitioner was engaged was part of a process by which this historic property could be removed from a private home where it was accessible only to an invited few and by which it would be housed eventually in a public place where the natural interest of the public generally would result in its inspection and study by very large numbers. The type of work done was essential to the achievement of this ultimate aim and so comes within the spirit and the letter of the Lien Law.

It is argued by the public administrator that the contract of deceased with petitioner was such that the work was done " not on the credit of the thing itself, but solely on the credit of the owner " (*Matter of Heinsheimer*, 214 N. Y. 361, 366), and that there was thus a waiver of the lien. No proof, however, of any such arrangement was given. The court is asked to spell out such an agreement from the circumstances. It is unable to do so.

Because of the nature of the property and because of the assent of petitioner that arrangements for enforcement of the lien be made under the supervision of the court, counsel are requested to confer with the court on the 5th day of March, 1940, at one o'clock P. M. Proceed accordingly.