OPINION OF THE COURT
Arnold Guy Fraiman, J.
Motion No. 109 on the calendar of May 5, 1981 and Motion No. 92 on the calendar of June 5, 1981 are consolidated for disposition. By Motion No. 109 the assignee for the benefit of creditors of Mickey’s Clan, Inc. (Mickey’s) moves to confirm in part and reject in part the report of the special referee dated April 7, 1981. By Motion No. 92 claimant Ringel & Sons Knitting Mills, Inc. (Ringel), moves to confirm the report in all aspects.
At issue is the finding by the referee that Ringel is entitled to a lien for storage and handling charges in the amount of $1,864. Ringel produces finished goods for jobbers such as Mickey’s, who furnish Ringel with the necessary piece goods and yarn. Between November, 1979 and March, 1980 Ringel received several shipments of fabric from Mickey’s. However, upon learning of Mickey’s financial difficulties, Ringel never began the manufacturing process on the goods received but instead placed them in storage. It then asserted a lien on the merchandise for storage and handling costs. By order dated September 11, 1980, this court directed Ringel to turn over to the assignee *927 all of the inventory in its possession belonging to Mickey’s and referred to the special referee the question of the validity of Ringel’s lien.
The special referee found that Ringel was entitled to a lien in the amount of $1,864 for storing and handling the goods received from Mickey’s.
Ringel’s lien is asserted under section 180 of the Lien Law, as amended in 1968. This section codifies the so-called “Artisans’ Lien” which existed at common law. Prior to its amendment, the statute gave a lien to anyone who “makes, alters, repairs, or in any way enhances the value of” personal property. The 1968 amendment extended the lien to anyone who “performs work or services of any nature and description” upon personal property. Although an artisans’ lien has been held to cover work done as a preliminary step in a process that would result in the enhancement of the value of goods if the work were completed, but where completion of the work was prevented without fault of the artisan (see Matter of Harriss, 174 Misc 34; Conrow v Little, 115 NY 387), no case has been found under section 180 as amended dealing with the issue of whether the artisans’ lien extends to nonskilled labor performed by the artisan prior to commencement of the actual manufacturing process. However, this court is of the opinion that it does so long as the work is done in the ordinary course of the artisan’s business and as a necessary preliminary step to the manufacturing process. The handling and storage performed by Ringel in the instant case comes within this description.
Accordingly, Ringel’s motion to confirm the report of the special referee is granted, and the assignee’s motion to reject that part of the report granting a lien for the storage and handling of goods, is denied.